IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| STUART BLACKMAN,<br><br>                Plaintiff,<br><br>vs.<br><br>JOSEPH E. ALLYN & DOES 1-10,<br><br>                Defendants. | **CV-21-42-GF-BMM**<br><br>**ORDER** |

## INTRODUCTION

Plaintiff Stuart Blackman ("Blackman") asserts claims of negligence and negligence per se pursuant to the Montana Residential Landlord Tenant Act against Joseph E. Allyn ("Allyn") and Does 1-10. (Doc. 4). Blackman alleges that while renting an apartment in Cut Bank from Allyn in October of 2020, a fire started that trapped and injured Blackman resulting in general and special damages. *Id.* at ¶¶ 1-2. Blackman claims that apartment's "faulty electrical components" caused the fire. *Id.* at ¶ 5. Blackman claims that Allyn, or his agents, knew of these problems. *Id*. In response to Blackman's Complaint, Allyn filed a Motion to Dismiss on June 22, 2021. (Doc. 12 (citing Fed. R. Civ. P. 12(b)(6)).

Allyn argues in his Motion to Dismiss that the Complaint (Doc. 4) fails to state facts "supporting a plausible claim for either of his causes of action." (Doc. 13 at 5). Blackman counters that his complaint to meets the plausibility standard, and in the event he falls short of the requirements, that he is entitled to amend his Complaint. (Doc. 18 at 2, 5). The Court held a hearing on Allyn's motion of August 25, 2021.

## LEGAL STANDARD

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires claimants to include in their complaint "a short and plain statement of the claim showing that the pleader is entitled to relief." A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of a complaint under the plausibility pleading standard of Rule 8(a)(2). *See Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal proves appropriate under Rule 12(b)(6) where the complaint fails to state a claim upon which relief can be granted. *Mendiondo v. Centinela Hospital Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).

A court may dismiss a complaint "based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). The complaint must contain sufficient factual matter to state a claim for relief that is plausible on its face to survive a Rule 12(b)(6) motion. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.

Ct. 1937 (2009). A claim is plausible on its face when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. The plausibility standard does not require probability, but "asks for more than sheer possibility that defendant has acted unlawfully." *Id.*

## DISCUSSION

I.  **Whether Blackman's Complaint pleads sufficient facts to meet the plausibility standard to survive Allyn's Motion to Dismiss**

Allyn claims that Blackman's complaint falls below the plausibility standard set forth in *Iqbal* because it states no facts to support claims of negligence or negligence per se. This Court sits in diversity jurisdiction and must apply the Federal Rules of Civil Procedure and state substantive rules. *Med. Lab. Mgmt, Consultants v. Am. Broad. Companies, Inc.*, 306 F.3d 806, 812 (9th Cir. 2002); *see also Hanna v. Plumer*, 380 U.S. 460, 470-471 (1965). Accordingly, Rule 8(a) of the Federal Rules of Civil Procedure governs the sufficiency of the pleading while Montana state laws govern the substance of the claims themselves.

"Under Montana Law, a negligence action requires proof of four elements: existence of a duty; breach of duty; causation; and damages." *Oberson v. U.S. Dep't of Agric., Forest Serv.*, 514 F.3d 989, 999 (9th Cir. 2008) (citing *Gentry v. Douglas Hereford Ranch, Inc.*, 290 Mont. 126, 962 P.2d 1205, 1209 (1998)). Blackman thus holds the burden of alleging facts in his Complaint to "raise

3

reasonable inference" that establish Allyn's liability in regards to the elements of negligence and negligence per se to meet *Iqbal*'s plausibility standard. Fed. Rules. Civ. P. 8(a); *Iqbal*, 556 U.S. at 678. Blackman meets his burden.

Blackman alleges that Allyn owned the premises that Blackman was leasing at the time of the fire. (Doc. 4 at ¶¶ 3-4). Blackman alleges that Allyn, or Allyn's agents, allegedly knew of hazardous faulty electrical components on the premises. *Id.* at ¶ 5. Blackman further alleges that the faulty electrical components caused the fire. *Id.* And finally, Blackman claims that he sustained injuries in the fire. *Id.* at ¶ 2. Each of these facts, although only preliminary evidence of negligence, point directly to the elements of Blackman's claims. In alleging these facts, Blackman did more than state "labels and conclusions," formulaically recite the elements of a cause of action, and "create [] suspicion of a legally cognizable right of action." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965, (2007); *see also* 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2021).

Taken as true, the facts alleged in Blackman's Complaint raise a reasonable inference that Allyn stands responsible for the damages resulting from the fire. *Iqbal*, 556 U.S. at 679. It is undisputed that landlords owe a duty to tenants to keep the leased premises safe and warn of any hidden dangers. *Richardson v. Corvallis Public School Dist. No. 1*, 286 Mont. 309, 321 (1997). Blackman's allegations of

Allyn, or Allyn's agents, knowing of the faulty electrical components on the premises infers a breach. The Complaint explicitly states the elements of causation and damages. (Doc. 4 at ¶¶ 2, 5). Accordingly, the facts alleged infer both negligence under Montana case law and negligence per se under the Montana Residential Landlord Tenant Act. Blackman's claims are not merely possible, but plausible. *Iqbal*, 556 U.S. at 678.

Allyn's claim that more facts are needed for the Complaint to be sufficient is misplaced. Negligence and negligence per se claims do not fall under the heightened pleading standard in Fed. R. Civ. P. 9(b), which requires a plaintiff to allege particular facts when pleading fraud or mistake. *See Iqbal*, 556 U.S. at 686. Absent an investigation of the causes of the fire, Blackman has pleaded preliminary facts that raise reasonable inference of Allyn's liability that render his claim plausible on its face. The factual record is not yet fully developed and discovery will fill the factual gaps to which the parties can move for summary judgment when the time comes. Until then, a decision to dismiss is premature.

In sum, taking all factual allegations as true, Blackman's Complaint states enough facts to "state a claim of relief that is plausible on its face" and survives Allyn's Motion to Dismiss (Doc. 12).

## ORDER

Accordingly, **IT IS ORDERED** that Allyn's Motion to Dismiss (Doc. 12) is **DENIED**.

Dated this 7th day of September, 2021.

_____
Brian Morris, Chief District Judge
United States District Court